[Crim. No. 400.   Third Appellate District.—September 3, 1917.]

THE PEOPLE, Respondent, v. CYRUS ADELBERT FRISBIE, Appellant.

INTOXICATING LIQUORS—VIOLATION OF WYLLIE LAW—NATURE OF TRANS-ACTION—SUFFICIENCY OF EVIDENCE.—In this prosecution under an indictment for an alleged violation of the Wyllie law, it is held that the evidence sufficiently shows that the transaction was a sale of liquor, and not a delivery as a mere act of accommodation.

APPEAL from a judgment of the Superior Court of Glenn County, and from an order denying a new trial. W. M. Finch, Judge.

The facts are stated in the opinion of the court. ·

W. T. Belieu, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—Defendant was convicted under an indictment charging that he did "willfully and unlawfully furnish, sell, distribute and give away to one Joe Street, a human being, alcoholic liquors, to wit: whisky," in the town of Willows, Glenn County, it being no-license territory.

The only point made by appellant is that the evidence fails to show any violation of the Wyllie Law [Stats. 1911, p. 599],

in that it appears that "there was no sale, but, on the contrary, the testimony will show that what was done by Frisbie was a mere act of accommodation on his part in delivering the liquor in question to the state's witness, Joe Street." It must be admitted that defendant and Street so testified, but reading between the lines we are impressed with more than a mere suspicion that this contention involves a mere subterfuge, that it was a simulated defense, an afterthought, and the product of a collusive understanding reached upon the suggestion of appellant. Such inference is fairly deducible from this portion of Street's testimony:

"Q. Were you at Mr. Goddard's place last night?

"A. Yes, sir.

"Q. Was Mr. Frisbie there?

"A. Yes, sir.

"Q. Did Mr. Frisbie ask you in substance to say that he was your agent?

"A. Well, I will tell you. He asked me this question. He says, 'Do you remember, Joe, the time that you sent up by me to get that whisky for you, that two bottles of whisky?' and I stopped and studied a minute and I said, 'I believe I do, Bert, I believe I do remember about sending up by you to get the two bottles of whisky,' and he said, 'Will you swear to that effect?' and I said, 'I will swear to it as it comes along as I am asked that question.' I says, 'If I am asked that question I will swear to it that I did send by you to get two bottles of whisky and only paid you for one at the time being. I give you one dollar and a half, and of course the other last bottle I had not paid him for.' . . . He said, 'That will make me an agent for you.' "

It may be said also that there are some inconsistencies and contradictions in the testimony of these witnesses that cast suspicion upon their explanation of the transaction, and we think the jury were not unwarranted in holding that there was an actual sale by appellant to Street of the two bottles of whisky. Aside from that, in stating what occurred at the time he received one of the bottles, Street testified: "There was no words spoken. I laid the money down on the writing-desk and there was a bottle standing on the end of the writing-desk, and I laid down the money and put the bottle in my pocket, and he laid down the change and I put that in my pocket, and he said, 'You better have a drink before you

go,' and he treated me to a couple of drinks, and treated my friend, and we walked out." It thus appears that appellant furnished Street with liquor that was not contained in said bottle. That it was whisky and belonged to appellant also sufficiently appears. Indeed, the language as to treating would, of course, imply a gift from appellant to Street. It is also true that Street was not a guest. This evidence brought out on cross-examination is sufficient to satisfy the charge of the indictment, and, hence, the question of agency as to the liquor furnished in the bottle is not of controlling moment.

We think the conviction was just and the judgment and order are affirmed.

Chipman, P. J., and Hart, J., concurred.